## WM. CAMPBELL v. WHITE'S ADMR.

Actions — Real Party in Interest.

1. By section 30 of the Civil Code every action must be prosecuted in the name of the real party in interest.

Same — Wills — Executor as Legatee.

2. When the executor is the legatee he is the real party in interest in an action on a note given to the testator.

APPEAL FROM MADISON CIRCUIT COURT.

June 6, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Campbell made his note to Durrett White, due November 11, 1858. Durrett White died in the year 1861, having published his will, which was admitted to record November 4, 1861, and the same day W. H. White qualified as executor.

W. H. White died early in the year 1865 and George Denny administered on his estate April 3, 1865.

Durrett White devised all his estate, after the payment of his just debts, to said W. H. White, save two specific legacies of $5,000 each.

Denny, the administrator, found this note on Campbell among his decedent's papers, brought suit in his capacity of administrator, and avers the above facts, and files as part of his pleadings

the will of the testator and the letters testamentary and of administration. Defendant, Campbell, demurred to the petition because no representative of Durrett White, the payee in the note, is party, either as plaintiff or defendant; this demurrer was overruled and judgment rendered for plaintiff, and this appeal is prosecuted to reverse it.

By section 30, Civil Code, "every action must be prosecuted in the name of the real party in interest." This court has uniformly held since the adoption of the Code that the beneficiary was_ *an essential party,* and that the holder of the legal title was a proper party, either plaintiff or defendant. By the common-law rules only the party whose legal rights were violated could be a plaintiff, and if the beneficiary was at all mentioned it was merely to state that the suit was prosecuted for his benefit, not that he should be a party; this rule has been altered by the Code, and the real party in interest *must be plaintiff.*

At common law the bequest of a specific chattel did not vest the title in the legatee until the executor assented.

In this case W. H. White was both the legatee and executor; he had the note after qualifying as executor for more than three years; these facts seem to raise the presumption that he had taken the note to himself as his personal property, and that having settled the debts and specific legacies of his testator, that no further administration was necessary on Durrett White's estate, and as he was the real party in interest it may now be presumed he was also vested with the legal title, and that the suit was properly prosecuted by his administrator.

Wherefore, the judgment is affirmed.